Emily MATSON, a minor, by her legal guardian, Mary KEHOE,
Plaintiff,

v.

Richard ANCTIL and Materiaux Blanchet, Inc., Defendants.

No. 2:96–CV–110.

United States District Court,
D. Vermont.

Feb. 10, 1998.

Robert E. Manchester, Manchester Law Offices, P.C., Burlington, VT, for Emily Matson, a minor by her legal guardian, Mary Kehoe.

William Andrew O'Rourke, III, Ryan, Smith & Carbine Ltd., Rutland, VT, for Richard Anctil.

James W. Spink, Douglas Dwight Le Brun, Dinse, Knapp & McAndrew, P.C., Burlington, VT, for Materiaux Blanchet Inc.

### OPINION AND ORDER

SESSIONS, District Judge.

In this personal injury action arising out of a motor vehicle accident in which Emily Matson, a passenger in her parents' automobile, was severely injured, Defendant Materiaux

Blanchet, Inc. ("MBI") has moved for summary judgment, seeking a determination that it is not liable for the actions of Defendant Richard Anctil, driver of the truck involved in the collision. At issue is whether an agency or master-servant relationship existed between MBI and Anctil at the time of the accident, and whether, under Vermont's choice of law rules, the law of Quebec or the law of Vermont should apply to determine this question. For reasons explained more fully below, the Court holds that the law of Quebec governs the issue, and that, crediting the evidence of the nonmoving party, this Court cannot conclude as a matter of law that no agency relationship existed between the Defendants.

For purposes of this motion, the following facts are taken to be true. Anctil owned the tractor and trailer involved in the accident. At the time of the accident he was transporting a load of crushed cars to Quebec on behalf of a company unknown to MBI. MBI was the registered owner of the vehicle, however, and insurance coverage was procured for it in MBI's name. MBI obtained Canadian and United States permits for the vehicle. MBI's name and DOT number appeared on the side of Anctil's tractor.[1]

This is the second time a choice of law issue has arisen in this case. In *Matson v. Anctil*, 979 F.Supp. 1031, 1034–36 (D.Vt. 1997), this Court, applying the significant relationship test of the Restatement (Second) of Conflict of Laws as adopted by the Vermont Supreme Court in *Amiot v. Ames*, 166 Vt. 288, 693 A.2d 675, 677–78 (1997), concluded that the law of Vermont would apply to the issue of whether the Defendants could implead the minor plaintiff's parents, and whether the Defendants could pursue a defense of comparative negligence. A choice of law analysis may reach different outcomes for different issues in the same case, however. *Id.* at 678 (court may decide that law governing standard of conduct is different

from that governing damages). Today, applying the Restatement (Second) principles, the Court concludes that the law of Quebec will apply to the issue of whether an agency or master-servant relationship existed between Anctil and MBI.

The general principle is set forth in Section 145(1) of the Restatement (Second): "The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6." [2] In applying the Section 6 factors, a court takes into account:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred;

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties; and

(d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflict of Laws, § 145(2).

As the Court has previously stated, *Matson*, 979 F.Supp. at 1035, the injury and the conduct causing the injury occurred in Vermont. The plaintiff and her guardian are citizens and residents of Rhode Island and Vermont respectively. Defendant Anctil is a citizen, resident and domiciliary of Quebec, Canada. Defendant MBI is a Canadian corporation with its principal place of business in Quebec. The relationship between Anctil and MBI is centered in Quebec, Canada. The relationship between the plaintiff and her guardian is centered in Vermont. These contacts are evaluated according to their relative importance to the particular issue at stake. *Id.*, citing the Restatement (Second), § 145(2).

1. Additional facts pertaining to this case have been summarized in this Court's previous opinion and order, familiarity with which is assumed. *Matson v. Anctil,* 979 F.Supp. 1031 (D.Vt.1997).

2. The relevant Section 6 factors are: the needs of the interstate systems; the relevant policies of

the forum; the relevant policies of other interested states, and the relative interests of those states in the determination of the issue; and ease in the determination and application of the law to be applied. *Amiot,* 693 A.2d at 678.

On the issue of the relationship between the Defendants, the place where the injury to the Plaintiff and the conduct causing her injury occurred is less significant than the Defendants' residence, place of business and where their relationship is centered. "As a general rule, the incidents of legal relationships ... are governed by the state of common domicile or in which the relationship is centered." *Davis v. Costa–Gavras*, 580 F.Supp. 1082, 1092 (S.D.N.Y.1984) (citing Restatement). *See also Laux v. Juillerat*, 680 F.Supp. 1131, 1136 (S.D.Ohio 1987) (where issue concerned nature of employment relationship between defendants, law of state where relationship originated and continued to exist would apply, rather than law of state where plaintiff was injured). Taking the relevant Section 6 factors into consideration, Quebec has a more significant relationship to the issue of the nature of the relationship between Anctil and MBI. Accordingly, the Court will apply the law of Quebec to the issue.

Summary judgment is appropriate, however, only if the moving party can show that there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The evidence of the nonmoving party is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986).

MBI argues that Anctil was an independent contractor, and did not act as an agent of MBI. Matson argues that Anctil was an agent and employee of MBI. The parties agree that Quebec law distinguishes between an independent contractor relationship (contrat d'entreprise) and the relationship of employer and employee or principal and agent (commettant et préposé). Factors relevant to a determination of the nature of the work relationship include: the degree of control the worker retains over the performance of the work, who provides the equipment, and whether the worker is free to hire and pay subordinates. *See* M. Baudouin, *La Responsabilité Civile Delictuelle*, § 617 (4th ed.) ("la

specificité du controle est indispensable à la relation de preposition ...").

MBI stresses that at the time of the accident Anctil was hauling a load of crushed cars to Quebec, and was not acting on behalf of MBI in any way, citing to the deposition of Marc Brochu. Matson points out that the Anctil truck was registered in the name of MBI and displayed MBI's name and DOT number, that MBI required insurance coverage on the vehicle in its name, that MBI obtained necessary Canadian and United States permits for the vehicle, and that Anctil was obligated to sign a document as an employee of MBI before MBI would permit him to transport goods on its behalf. Crediting Matson's evidence together with appropriate inferences, as it must on MBI's motion, this Court cannot conclude as a matter of law that no agency relationship existed between Anctil and MBI at the time of the accident. Accordingly, MBI's Motion for Summary Judgment (paper 62) is denied.